**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PATRICIA LYNN LAHEY, et al.,

    Plaintiffs,

v.

BILL GATES,

    Defendant.

Case No. 1:19-cv-620

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Timothy Lahey has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Analysis**

The plaintiffs in this case are identified as Patricia Lynn Lahey and Timothy Peter Lahey; however, only Timothy Lahey has signed the *in forma pauperis* application and the complaint. A pro se Plaintiff cannot represent the interests of another pro se party. Based on the lack of a signature on the complaint by Patricia Lahey as required under both Rule 11, Fed. R. Civ. P. and local rules of civil procedure, Timothy Peter Lahey is considered to be the sole Plaintiff.

Plaintiff's statement of claim is difficult to decipher, largely consisting of a list of presumed educational accomplishments of the Plaintiff (and/or those of his relatives), and a list of several books. In the section asking Plaintiff to describe "exactly what you want the court to do for you," Plaintiff has written "Imprisonment and Fines  Patricia Lynn Lahey  Monetary Relief  Patricia Lynn Lahey  Timothy Peter Lahey." (Doc. 1-1 at 4). Attached to the complaint as an exhibit is a copy of a Bellevue, Washington Police Department Incident Report dated March 11, 2018, which document identifies Defendant Bill Gates as the "Registered Owner" of a Washington nursing home.

### A. Lack of Subject Matter Jurisdiction

Plaintiff has failed to assert any claim over which this Court has subject matter jurisdiction. Mr. Gates is alleged to be a resident of Washington, while Plaintiff alleges that he is a resident of Ohio. To the extent that the parties appear to be residents of different states, it is possible that Plaintiff is invoking the diversity jurisdiction of this Court. *See* 28 U.S.C. § 1332. However, the lack of allegations in general, including but not limited to the lack of any allegation that the amount in controversy exceeds $75,000, renders untenable the exercise of diversity jurisdiction. In addition, nothing in the complaint or attached exhibit identifies any particular constitutional or federal law under which this Court might consider the exercise of federal question jurisdiction under 28 U.S.C. § 1331, assuming the absence of diversity jurisdiction.

### B. Failure to State a Clam

Concerning the basis for any claims asserted, the police report attached as an exhibit to the complaint offers scant additional clues. The narrative portion of the report states, in relevant part: "Cyber FORTRAN TARGETED AT VICTIM PATRICIA LAHEY DURING ADMISSION in NURSING CENTER 2013-2015, IBM THE CENTURY 2009 SMARTEST PLANET Corporate Book." Aside from the cursory references to Defendant Gates and Patricia Lahey, neither the complaint nor the exhibit offers any detail from which this Court can discern any conceivable claim against the Defendant.

### III. Conclusion and Recommendation

Plaintiff Patricia Lynn Lahey has not signed the complaint, in violation of Rule 11, and Plaintiff Timothy Lahey lacks standing to assert any claim on her behalf. Regardless of standing issues, however, the Court cannot discern a basis for the existence of either

4

federal question or diversity jurisdiction over this case. Even if the Court could exercise subject matter jurisdiction, Plaintiff's complaint would be subject to dismissal because it fails to include sufficient factual matter to state any plausible claim on his own behalf. Plaintiff does not allege particular conduct by Defendant Gates, and Plaintiff's cursory allegations fail to support any claim under any state or federal law.

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** based upon a lack of federal subject matter jurisdiction, because it is legally frivolous, and because it fails to state any claim against the Defendant under state or federal law.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PATRICIA LYNN LAHEY, et al.,

    Plaintiffs,

v.

BILL GATES,

    Defendant.

Case No. 1:19-cv-620

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).